UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LATOYA HELM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:22-cv-00382 |
| | ) |
| METROPOLITAN GOVERNMENT OF | ) |
| NASHVILLE AND DAVIDSON | ) |
| COUNTY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Latoya Helm, individually and as next friend and parent of Aundria Smith, a minor, brought this action against the Metropolitan Government of Nashville and Davidson County ("Metro") under 42 U.S.C. § 1983; Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681; and Tennessee common law. Before the Court is Metro's Motion to Dismiss (Doc. No. 5). For the following reasons, the Court will grant Metro's motion with respect to Helm's federal claims and remand her Tennessee common-law claim to state court.

### I. FACTUAL ALLEGATIONS AND BACKGROUND[1]

In April 2021, Aundria Smith, a resident of Nashville, Tennessee, was eight years old and a second-grade student at Carter-Lawrence Elementary School ("Carter-Lawrence"). (Doc. No. 1-1, ¶¶ 1, 3–4). Carter-Lawrence is part of Metropolitan Nashville Public Schools ("MNPS"), Metro's public school system. (Id. ¶¶ 6–8, 11). On four occasions in April 2021, Aundria was attacked by her schoolmates. (Id. ¶ 41). As a result, she suffered physical and emotional injuries,

---

[1] The Court relies on the relevant factual allegations from the Complaint (Doc. No. 1-1) and assumes they are true for purposes of ruling on the instant motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

which required medical treatment, and Helm claims Aundria was "deprived . . . of access to educational opportunities [and] benefits provided by Carter-Lawrence." (Id. ¶¶ 42–43).

Aggressive behavior, bullying, and violence was common among students at Carter-Lawrence. (Id. ¶ 39). Prior to the instances of bullying in April 2021, Helm had informed Carter-Lawrence's administration and staff multiple times that Aundria had been the victim of her schoolmates' bullying. (Id. ¶¶ 45–46). Despite this, Carter-Lawrence failed to take certain measures to protect Aundria from her schoolmates' misconduct, as required by MNPS policy. (Id. ¶¶ 45–46). Had Carter-Lawrence complied with MNPS's policies, Aundria would have been safeguarded from the four instances of bullying in April 2021. (Id. ¶ 55).

On April 13, 2022, Helm filed this case in the Circuit Court for Davidson County, Tennessee. Metro removed the case to federal court on May 25, 2022 (Doc. No. 1 at 2), citing 28 U.S.C. § 1331 as the only grounds for which the Court has jurisdiction over this case (id.), and filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on June 1, 2022 (Doc. No. 5 at 1). After Metro filed its motion, Helm expressly abandoned her Title IX and § 1983 claims because "Tenn. Code Ann. § 29-20-205(2) excepts Metro from liability" under the relevant federal statutes. (Doc. No. 10 at ¶¶ 3–4).[2] Helm explicitly reaffirmed her position—once in writing (Doc. No. 11 at 1 n.1), and once during a telephonic conference with the Magistrate Judge (Doc. No 16 at 1). During that same conference, the parties informed the Magistrate Judge that they would move to remand the case to state court if Helm's lone state-law claim survives the motion now before the Court. (Id.).

---

[2] The Court does not endorse Helm's stated rationale for abandoning her federal claims. See generally, U.S. CONST. art. VI, cl. 2. ("This Constitution, and the Laws of the United States . . . shall be the supreme Law of the Land").

## II. LEGAL DISCUSSION

### A. Helm's Federal-Law Claims

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "the complaint must include a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Ryan v. Blackwell, 979 F.3d 519, 524 (6th Cir. 2020) (quoting Fed. R. Civ. P. 8(a)(2)). However, a court need not interrogate the merits of an expressly abandoned claim. Gray v. Clarksville Health Sys., G.P., No. 3:13-cv-00863, 2015 WL 136137, at *8 (M.D. Tenn. Jan. 9, 2015) (citing Hicks v. Concorde Career Coll., 449 F.App'x 484, 487 (6th Cir. 2011)); see also Witt v. Metal Moulding Corp., No. 3:04-cv-0928, 2005 WL 8175114, at *1 n.3 (M.D. Tenn Dec. 7, 2005) ("These state law claims are dismissed because Plaintiff 'agreed to abandon her claims'…. Plaintiff's intention to abandon those claims was confirmed at a hearing before the Magistrate Judge.").

Here, Helm expressly abandoned her Title IX and § 1983 claims (Doc. Nos. 10 at ¶¶ 3–4) and reaffirmed that twice (Doc. Nos. 11 at 1 n.1, 16 at 1). The Court declines to consider the merits of the abandoned claims. Accordingly, the Court will dismiss Helm's claims under 42 U.S.C. § 1983 and 20 U.S.C. § 1681 as abandoned.

### B. Helm's State-Law Claim

As noted above, Helm also brings a state-law claim. A district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3); see also Ford v. Frame, 3 F. App'x 316, 318 (6th Cir. 2001) ("[D]istrict courts possess broad discretion in determining whether to retain supplemental jurisdiction over state claims once all federal claims are dismissed."). The Supreme Court has noted that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy,

3

convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); see also Moon v. Harrison Piping Supply, 465 F.3d 719, 728 (6th Cir. 2006) ("[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims."). During the pleading stage, these factors create a "strong presumption" against the exercise of supplemental jurisdiction. Jones v. Metro. Gov't of Nashville & Davidson Cnty., No. 3:21-cv-00112, 2022 WL 1625162, at *5 (M.D. Tenn. May 23, 2022). A court declining to exercise its discretionary supplemental jurisdiction may remand the state law claims, see WHS Ent. Ventures v. United Paperworkers Int'l Union, 997 F. Supp. 946, 954–56 (M.D. Tenn. 1998) (explaining the factors which "weigh toward remand of the state law claims."), as they are "best left to be decided by the state courts." Schwamberger v. Marion Cnty. Bd. of Elections, 988 F.3d 851, 859 (6th Cir. 2021).

This case is by no means unusual, and the Court sees no reason to exercise its discretionary supplemental jurisdiction over Helm's remaining claim in the face of the strong presumption against doing so. Helm abandoned her federal claims—the sole bases for the case's removal to federal court—and she does not assert any factual allegations that would suggest diversity jurisdiction as a possible basis for the Court to exercise subject-matter jurisdiction over the state-law claim. Remand is particularly appropriate considering the parties' agreement to jointly seek remand if Metro's motion to dismiss were denied. (Doc. No. 16 at 1). Helm's only surviving claim is one "best left to be decided by the state courts of [Tennessee]," Schwamberger, 988 at 859, and Helm may continue to pursue that claim there.

4

## III. CONCLUSION

For the foregoing reasons, the Court will grant in part Metro's Motion to Dismiss (Doc. No. 5). Helm's federal claims will be dismissed, and her state law claim will be remanded to be adjudicated by the state court.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE